**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen, and
MILFORD S. PEPPER, a Colorado citizen,

      Plaintiffs,

v.

ROBERT SILVERBERG, a Colorado citizen,
JOHN CORK, an Arizona citizen,
HAROLD KAY, a Florida citizen,
EDWARD FRANKEL, a Florida citizen,
DANA DEVENDORF, a Florida citizen,
DEVENDORF & ASSOCIATES, P.A., a Florida professional association,
JUPITER PARTNERS, LLC, a Florida limited liability corporation,
JUPITER PARTNERS II, LLC, a Florida limited liability corporation,
PALM BEACH FINANCE, LLC, a Florida limited liability corporation, and
CORONADO WEST, INC., an Arizona corporation,

      Defendants.

---

### ORDER DENYING MOTION FOR RECONSIDERATION OF CLERK'S NOTE

---

**Blackburn, J.**

      The matter before me is plaintiffs' **Motion for Reconsideration of Clerk's Note**

[#18], filed April 14, 2010. I deny the motion.

      The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an
> intervening change in the controlling law, (2) new evidence
> previously unavailable, and (3) the need to correct clear
> error or prevent manifest injustice. Thus, a motion for
> reconsideration is appropriate where the court has
> misapprehended the facts, a party's position, or the
> controlling law. It is not appropriate to revisit issues already
> addressed or advance arguments that could have been
> raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).[1]  Plaintiffs do not contest that no returns of service were on file with the court at the time they submitted their motion for default judgment.  Although they attempt to fob the omission off on defendants, the burden was on plaintiffs, as the moving parties, to substantiate their request for entry of default with all appropriate documentation.  Nor do plaintiffs deny that they failed to establish the military status of the individual defendants.  Their belated attempt to justify the omission of this information provides no basis on which to reconsider denial of their motion.

More importantly, the fact remains that the allegedly defaulting defendants have now appeared in the case and have filed a motions to dismiss.  Given the strong preference for deciding cases on the merits, ***Gulley v. Orr***, 905 F.2d 1383, 1386 (10th Cir. 1990), I would not now countenance the entry of a default against these defendants in any event, *see* **FED.R.CIV.P.** 55(c) (allowing court discretion to set aside default for good cause shown).

**THEREFORE, IT IS ORDERED** that plaintiffs' **Motion for Reconsideration of Clerk's Note** [#18], filed April 14, 2010, is **DENIED**.

Dated May 28, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[1]  Although plaintiffs cite to Fed.R.Civ.P. 60 in support of their motion, that rule clearly is not implicated here, as judgment has not yet entered.

2