IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00687-REB-BNB

MARTIN C. GROSS, a Colorado citizen, and
MILFORD S. PEPPER, a Colorado citizen,

Plaintiffs,

v.

ROBERT SILVERBERG, a Colorado citizen,
JOHN CORK, an Arizona citizen,
HAROLD KAY, a Florida citizen,
EDWARD FRANKEL, a Florida citizen,
DANA DEVENDORF, a Florida citizen,
DEVENDORF & ASSOCIATES, P.A., a Florida professional association,
JUPITER PARTNERS, LLC, a Florida limited liability corporation,
JUPITER PARTNERS II, LLC, a Florida limited liability corporation,
PALMBEACH FINANCE, LLC, a Florida limited liability corporation, and
CORONADO WEST, INC., an Arizona corporation,

Defendants.

_____

**ORDER**
_____

Now pending are:

(1) **Motion to Quash Subpoena and for Protective Order as to Deposition of Trial Counsel for Florida Defendants** [Doc. # 73, filed 9/29/2010] (the "Motion to Quash");

and

(2) **Notice of Withdrawing Motion to Quash Subpoena and for Protective Order as to Deposition of Trial Counsel for Florida Defendants** [Doc. # 84, filed 10/6/2010] (the "Notice to Withdraw").

I initially set a hearing on the Motion to Quash for October 12, 2010, at 1:30 p.m. Minute Order [Doc. # 75, filed 9/29/2010]. **At the request of all parties** and for their convenience, I reset the hearing to October 7, 2010, at 1:30 p.m. Amended Minute Order [Doc. # 77, filed 10/4/2010].

For the first time, on October 5, 2010, Florida counsel for certain defendants, who filed the Motion to Quash, sought leave to appear by telephone. Significantly, no mention of appearing by telephone was made at any time in connection with **all parties** request to reset the hearing. The Motion to Quash involves complex issues implicating the attorney-client privilege, and I deemed it important that counsel arguing the motion be present in person. Consequently, I denied the last minute request of Florida counsel to appear by telephone.

Florida counsel, too busy to appear in person at the hearing on the Motion to Quash, see Notice to Withdraw [Doc. # 84] at ¶ 2, filed the Notice to Withdraw the Motion to Quash. Plaintiffs' counsel oppose the Notice to Withdraw, stating:

> [A] prospective ruling from the Court is necessary to ensure that any deposition of Mr. Silverberg is not a waste of Plaintiffs' resources. Indeed, Plaintiffs should not be required to bear the expense of traveling to Florida to take Mr. Silverberg's deposition only to have him refuse to answer any questions, at which point the parties would then have to go back to Court.

Plaintiffs' Response [Doc. # 85, filed 10/6/2010] at p. 2.

In view of these wranglings:

IT IS ORDERED that the hearing on the Motion to Quash set for October 7, 2010, at 1:30 p.m., is CONVERTED to a status conference. Counsel for the Florida Defendants may appear at the status conference by telephone by calling the court at 303-844-6408 at 1:25 p.m., Mountain Daylight Time.

Dated October 7, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge